# UNITED STATES DISTRICT COURT
for the
Eastern District of Tennessee

| | |
|---|---|
| United States of America<br>v.<br>Kevin Tubbs<br><br>*Defendant* | )<br>)<br>) Case No. 1:11-mj-43<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of  02/24/2011  in the county of  Hamilton  in the  Eastern  District of Tennessee , the defendant violated  21  U. S. C. §  846, 841(a)(1), (b)(1)(B), (b)(1)(C) , an offense described as follows:

conspiracy to distribute five hundred grams or more of a mixture and substance containing a detectable amount of cocaine and conspiracy to distribute fifty kilograms or more of a mixture and substance containing a detectable amount of marijuana.

This criminal complaint is based on these facts:
SEE ATTACHED AFFAVIDIT

☑ Continued on the attached sheet.

*Complainant's signature*

James C. Hixson, TFO, DEA
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 2/25/11 at 2:00 p.m.

*Judge's signature*

City and state:  Chattanooga, Tennessee

U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT FOR ARREST WARRANT

I, James C. Hixson, being duly sworn, depose and state as follows:

1. I am a Task Force Officer with the Drug Enforcement Administration (DEA) Field Office in Chattanooga, Tennessee. I am an investigative or law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7), in that I am empowered by law to conduct investigations of and to make arrests for offenses enumerated in Title 18, United States Code, Section 2516.

2. I have been employed as a Police Officer with the Chattanooga Police Department for the past fifteen years. I have been assigned as a Police Officer/Investigator in Narcotics/ Street Crimes Unit for five years. I am currently assigned as a Task Force Officer for the Drug Enforcement Administration (DEA) Resident Office in Chattanooga, Tennessee. I have been a Task Force Officer for the past three years. As a Police Officer/Investigator, I gained a working knowledge in narcotics trafficking methods and techniques. My present duties include the investigation of violations of federal law by individuals involved in the sale and distribution of controlled substances. I have had specialized training with respect to narcotics violations and have been involved in numerous investigations involving the seizure of controlled substances. I have obtained the information contained in this affidavit through personal observation and investigation, information related by fellow law enforcement officers, cooperating defendants, witnesses and informant statements.

3. This affidavit is submitted in support of an arrest warrant for Frank Zepeda, Kevin Tubbs for violations of federal law, specifically violations of Title 21, United States Code, Sections 846, 841(a)(1) and (b)(1)(B) and (b)(1)(C). It is also submitted in support of an arrest

Page 1 of 6

Case 1:11-mj-00043-SKL   Document 1   Filed 02/25/11   Page 2 of 7   PageID #: 2

warrant for Marciell Easterling for Title 21, United States Code, Sections 846, 841(a)(1) and (b)(1)(D) and Title 18, United States Code, Section 924(c). As a result of personal participation in the investigative matters referred to in this affidavit and based upon reports made to me by other law enforcement officers, I am familiar with the facts and circumstances of this investigation. On the basis of that familiarity, I state the following:

4. An investigation conducted by the Drug Enforcement Administration Chattanooga Resident Office and Federal Bureau of Investigation identified Garry Rollins (also spelled "Gary Rollins") as an individual responsible for the distribution of quantities of cocaine base (crack cocaine) in the Southeast Tennessee including Chattanooga, Tennessee. During this investigation, these agencies have utilized numerous investigative techniques to include surveillance and Title III investigative techniques. Rollins was identified through these investigations as a source of supply for Brian Posley.

5. On February 23, 2011, a federal grand jury returned an indictment charging Rollins and others known and unknown with a cocaine base ("crack") conspiracy in violation of Title 21, United States Code, Sections 846, 841(a)(1) and (b)(1)(A). On this same day a federal search warrant was issued for Rollins' residence in Chattanooga, TN.

6. On February 24, 2011, law enforcement arrested Rollins and executed the above-mentioned search warrant. Among other things, law enforcement found approximately one kilogram of cocaine in Rollins' residence. Rollins was read his *Miranda* rights, which he knowingly waived. Rollins agreed to speak with investigators. Rollins, who has agreed to be named in this affidavit, identified at least two of his sources of cocaine supply. One of those sources was an Hispanic individual from whom Rollins said he bought the kilogram of cocaine

that was found at his house. This deal occurred on February 23, 2011. Rollins showed law enforcement where that deal occurred which was a residence located at 7649 Austin Drive in Chattanooga, TN. Rollins said that during this deal, the Hispanic man (later identified by law enforcement as Frank Zepeda) also sold two kilograms of cocaine and 240 pounds of marijuana to other individuals at this location. Rollins heard Zepeda say he was staying at the LaQuinta Inn near Hamilton Place Mall in Room #134. Law enforcement confirmed that a Ms. Izora Young rented that room on February 23, 2011, for three nights. When renting the room Izora Young provided her address as 7649 Austin Drive, Chattanooga, TN, the same residence where the drug deals occurred.

7. On February 24, 2011, law enforcement set up surveillance on 7649 Austin Drive. They determined Zepeda was again at this residence. A person drove away from the residence, appeared to spot law enforcement, and got on his cell phone. Law enforcement made a traffic stop on this person and went to 7649 Austin Drive to secure it so that no contraband was destroyed prior to law enforcement obtaining a search warrant. Outside the residence, law enforcement observed Zepeda. Zepeda took off running when law enforcement arrived. He was taken into custody. An African American man (later identified as Marciell Easterling) was also outside the residence. Law enforcement saw Easterling throw a gun which he had on his person into a nearby car when law enforcement arrived. Law enforcement made forcible entry into the house to secure it for their safety and the preservation of evidence. Law enforcement did take two individuals, including Izora Young, out of the residence. While in the residence, law enforcement smelled an overwhelming odor of marijuana and saw in plain view two large garbage bags full of marijuana as well as a large set of digital scales.

8. Law enforcement executed a federal search warrant on the residence and did recover over fifty kilograms of marijuana. Zepeda waived his *Miranda* rights and agreed to speak with law enforcement. He admitted that he orchestrated the deal for the marijuana and arranged for one of the cocaine buyers (not Rollins) to purchase the cocaine from his source. He further admitted actually selling the marijuana at the residence located at 7649 Austin Drive. He admitted to seeing the cocaine which was sold at the same time. In fact, it was in with the marijuana that he did admit to transporting and selling. Despite this, he insisted he was not involved in that sale other than setting up the deal between the purchaser and his supplier.

9. Zepeda informed law enforcement that he was supposed to meet Kevin Tubbs so that Zepeda could give Tubbs the money for the drugs, so that Tubbs could haul money back to the source of the drugs in Texas. Zepeda gave law enforcement Tubbs' location which was the parking lot of the previously mentioned LaQuinta Inn. Law enforcement responded to that scene and found Tubbs asleep in his truck, a white 2007 Chevrolet pick-up truck with Texas license plate 17CPB5. Tubbs was arrested. Law enforcement ran a trained narcotics dog around the truck, and the dog alerted. Because law enforcement needed special equipment to access parts of the truck, they transported it to the Chattanooga Police Department impound lot where it is currently.

10. Law enforcement is aware that there is a Global Positioning System ("GPS") is in the truck. Law enforcement originally received consent to search the truck from Tubbs. In looking in the GPS, law enforcement saw the 7649 Austin Drive address. At that point Tubbs withdrew consent, and law enforcement stopped searching.

Page 4 of 6

Case 1:11-mj-00043-SKL   Document 1   Filed 02/25/11   Page 5 of 7   PageID #: 5

11. Later, Tubbs waived his *Miranda* rights and informed law enforcement that he did transport the marijuana from Texas to Chattanooga, TN in the white 2007 Chevrolet pick-up truck with Texas license plate 17CPB5. He further admitted that he was planning on transporting the money from this narcotics sale back to the drug source in Texas. He admitted to transporting the cocaine from that deal, though he denied knowing the cocaine was there until he reached Chattanooga. He admitted he still intended on bringing the money from the cocaine deal back to the drug source in Texas after he admittedly saw the cocaine.

12. Easterling admitted driving from Savannah, GA to the Atlanta, GA airport, picking up Zepeda there, and then driving him to Chattanooga, and, specifically the address on Austin Drive. Zepeda told law enforcement that Easterling was there to purchase forty pounds of the marijuana.

13. From your affiant's training and experience he is aware that forty pounds of marijuana is a distribution amount of the drug. He is further aware that those who deal in illegal narcotics often carry handguns to protect their drugs and their money.

Based upon the foregoing, affiant submits that there is probable cause to arrest Frank Zepeda and Kevin Tubbs for conspiracy to distribute five hundred grams or more of a mixture and substance containing a detectable amount of cocaine and conspiracy to distribute fifty kilograms or more of a mixture and substance containing a detectable amount of marijuana.

Furthermore, your affiant submits there is probable cause to arrest Marciell Easterling with attempt to possess marijuana with the intent to distribute it and possession of a firearm in furtherance of a drug trafficking crime.

James C. Hixson, Task Force Officer, DEA

Sworn to before me and subscribed in my presence, this 25 day of February, 2011, at Chattanooga, Tennessee.

Susan K. Lee
United States Magistrate Judge

Page 6 of 6

Case 1:11-mj-00043-SKL   Document 1   Filed 02/25/11   Page 7 of 7   PageID #: 7